PRUDENTIAL INS. CO. v. WESTINGHOUSE ELECTRIC & MFG. CO.

(Circuit Court of Appeals, Third Circuit. February 6, 1908.)

No. 42.

PATENTS — INVENTION AND INFRINGEMENT — FASTENING MEANS FOR CORE-PLATES.
    The Nolan patent, No. 582,481, for fastening means for core-plates of electrical machines, claims 2 and 4, disclose invention, and are valid. Also *held* infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 155 Fed. 749.

Thomas F. Sheridan and Clifton V. Edwards, for appellant.
W. K. Richardson and A. D. Salinger, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below a decree was entered in favor of the Westinghouse Electric & Manufacturing Company, holding that claims 2 and 4 of patent No. 582,481, issued to Nolan, its assignor, for fastening means for core-plates of electrical machines, were valid and infringed by the Prudential Insurance Company. From such decree the latter appealed.

This patent concerns electrical generators and motors, and has particular reference to means for fastening the laminæ of the cores of such machines in position. As the device in question is illustrated and fully described in the opinion of the court below in 155 Fed. 749, we limit ourselves to adding that these laminæ are thin annular or segmental iron plates, mounted on the spider or frame attached to an armature shaft. They have a succession of grooves at their outer surface in which the conducting wires are laid. They are insulated from each other to prevent waste currents passing across the core. Without laying stress on the electrical limitations which make objectionable certain obvious mechanical methods by which such laminæ could be bolted in place, it suffices to say that ease in removing laminæ or adding to their number make a device embodying such features greatly desired in the electrical art. This, the avowed object of the patent, is stated therein, viz.:

"The object of my invention is to provide a simple, inexpensive, and efficient means for fastening the laminæ of the cores of electrical machines together and to the casting constituting the support of the same, and one which may be readily inserted and as readily removed when it is desired to dismember the machines for any purpose."

To do this Nolan placed the laminæ on the cylindrical outer periphery of an armature spider, and kept them from sidewise movement in one direction by the usual fixed flange or shoulder at one end of the spider. His device related to the other end, and held the laminæ in place, and prevented their sidewise motion in the other direction. This he did by cutting in the periphery of the spider a circumferential groove of square cross-section. He then took a spring split-ring of corresponding square cross-section, but of such size that when compressed it could be wholly seated in the groove, and made not to reach above the spider surface. When uncompressed, and in its normal position, its tension and size was such that a part of it remained in the groove and a part extended above the spider surface and formed a shoulder thereon. He then took an annular, movable plate or flange, adapted to sleeve on the spider, and, when restrained by the protruding split-ring, hold the laminæ in place. On the outer edge of the opening in the center of this plate he made a circumferential cut or enlargement, corresponding in cross-section to and adapted to engage with the split-ring when the latter extended above the spider surface. When thus engaged the conjoint action of the groove, split-ring, and annular plate was such that the groove locked the split-ring against outward lateral movement, the split-ring locked the annular plate against like outward lateral movement, and the annular plate locked the split-ring from flying from the groove through centrifugal force. The device is thus operated. The desired laminæ being in place, the annular plate is pressed inward against them by suitable mechanism to a point slightly beyond the inner side of the spider groove. The split-ring is then sprung into the groove, the core-plate is released and springs outward against the ring. By such coaction the three elements of a split-ring—an outer circumferential groove on a spider, and an inner circumferential groove and shoulder on a core-plate, each of which, in itself, we may assume was old—effected a novel and highly useful advance in armature construction.

The prior art and the merits of this device are so fully set forth in the opinion of the court below that the reference thereto renders needless further discussion. It suffices to say we find, as did that court, nothing in the prior art to anticipate Nolan's device. On the contrary, a study of it but emphasizes the novel, simple, and effective invention he made. The respondent's construction embodies, in combination and in substantial form, all the elements of the second and fourth claims of the patent. The decree of the court below is therefore affirmed.