WESTINGHOUSE ELECTRIC & MFG. CO. v. PRUDENTIAL INS. CO.
(two cases).

(Circuit Court of Appeals, Third Circuit. February 6, 1908.)

Nos. 41 and 42.

PATENTS—NOVELTY—FASTENING MEANS FOR CORE-PLATES.

The Nolan patent, No. 582,481, for fastening means for core-plates of electrical machines, claims 1 and 3, which do not include as an element a shoulder on the annular plates for holding the spring-ring in its groove, which constitutes the gist of the invention as disclosed in the other claims, are void for lack of patentable novelty.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 155 Fed. 749.

W. K. Richardson and A. D. Salinger, for appellant.

Thomas F. Sheridan and Clifton V. Edwards, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal by the Westinghouse Electric & Manufacturing Company from a decree of the court below holding invalid claims 1 and 3 of its patent No. 582,481, granted to Edward E. Nolan for fastening means for core-plates of electrical machines. In an opinion heretofore filed, we have discussed and sustained that patent, and held its second and fourth claims infringed. In speaking of the claims held invalid, the court below, and we agree with that view, said:

"The evidence shows that a large armature sometimes revolves at a speed, at its surface, of one mile or more per minute. In such an armature the centrifugal force is so great that it is desirable to have the spring-ring, where it is used, held firmly in the groove. Claims 1 and 3 omit any reference to a shoulder on the outer side of the annular plate, and they are fully sustained by annular plates resting against the inner surface of the spring-ring without any shoulder on the annular plates for holding the spring-ring in the groove."

But, as we have seen in discussing the patent, this restraining shoulder of the annular plate is of the very gist of the device. Discard it or its function in substantial form, and we do not obtain the result which makes Nolan's device useful and patentable. So holding, it follows the court's view of these claims was just, and its decree is therefore affirmed.