J. E. TILT SHOE CO. et al. v. WESTINGHOUSE ELECTRIC & MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. November 21, 1910.)

No. 1,676.

PATENTS (§ 328*)—ANTICIPATION—FASTENING MEANS FOR CORE PLATES.

The Nolan patent, No. 582,481, for fastening means for core plates of electrical machines, claims 2 and 4, in which the means described consist of a ring for holding the laminæ in place and an annular plate having a shoulder to prevent the ring from being thrown out of place by centrifugal force, are void for anticipation by the Rollings British patent, No. 2,184, of 1893, for a method of attaching the chain wheel to the axle of a bicycle.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Westinghouse Electric & Manufacturing Company against the J. E. Tilt Shoe Company and Joseph E. Tilt. Defendants appeal from an order granting a preliminary injunction. Reversed.

Thomas F. Sheridan and Clifton V. Edwards, for appellants.

William K. Richardson, A. D. Salinger, and Edward Rector, for appellee.

Before BAKER and SEAMAN, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge. This is an appeal from a decision granting an injunction pendente lite against the infringement of claims 2 and 4 of the Nolan patent, No. 582,481, for fastening means for core plates of electrical machines, granted to the appellee May 11, 1897. The patent originally contained four claims. In a suit brought by appellee against the Prudential Insurance Company of America in the Circuit Court of the United States for the District of New Jersey, claims 1 and 3 were held invalid. Claims 2 and 4 were held valid and infringed. Westinghouse Electric & Mfg. Co. v. Prudential Insurance Co. (C. C.) 155 Fed. 749. This decision was affirmed by the Circuit Court of Appeals for the Third Circuit on February 6, 1908, in Prudential Ins. Co. v. Westinghouse Electric & Mfg. Co., 158 Fed. 985, 86 C. C. A. 189, and in Westinghouse Electric & Mfg. Co. v. Prudential Ins. Co., 158 Fed. 987, 86 C. C. A. 434. On April 27, 1908, the Westinghouse Electric & Manufacturing Company filed its disclaimer in the Patent Office to claims 1 and 3. Afterwards appellee filed its bill in the court below, and the preliminary injunction here complained of was granted. In its bill, appellee, complainant below, avers the proceedings in the above cases, and the fact of its disclaimer as to claims 1 and 3, and relies upon claims 2 and 4.

The patent in suit relates to means for fastening or clamping the plates of armatures together upon the armature shaft. The armature and the machine in which it was used were old, and it was old to build and hold the armature plates or laminæ together upon the shaft in various ways. Nolan says in his specification:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"My invention relates to electric generators and motors, and has particular reference to means for fastening the laminæ of the cores of such machines in position.

"The object of my invention is to provide a simple, inexpensive, and efficient means for fastening the laminæ of the cores of electrical machines together and to the casting constituting the support of the same, and one which may be readily inserted and as readily removed when it is desired to dismember the machine for any purpose."

The claims are as follows:

"1. A core for electrical machines comprising a casting having a cyclindrical surface and provided with a circumferential flange at or near one end and a circumferential groove at or near the other end, an annular plate adjacent to said groove, laminæ clamped between the flange and the annular plate, and a fastening ring located partially in said groove and bearing against the outer side of said annular plate.

"2. A core for electrical machines, comprising a casting having a cylindrical surface and provided with a circumferential flange at or near one end and a circumferential groove at or near the other end, an annular plate provided with a shoulder on its outer side, laminæ clamped between the flange and the annular plate and a fastening ring located partially in said groove and bearing against the shoulder on said plate.

"3. A core for electrical machines comprising a casting having a cylindrical surface and provided with a circumferential flange at or near one end, a circumferential shoulder of less diameter at or near the opposite end, an annular plate adjacent to said shoulder, laminæ between said annular plate and the flange on the casting, and a spring ring interposed between said annular plate and said shoulder.

"4. A core for electrical machines comprising a casting having a cylindrical surface and provided with a flange adjacent to one end and with a shoulder adjacent to the opposite end, an annular plate provided with a shoulder, laminæ between said annular plate and the flange on the casting, and a spring ring interposed between the shoulder on the annular plate and the shoulder on the casting."

The drawings of the patent show the laminæ seated on the shaft and clamped between the flange and the annular plate. The flange is solid with the shaft, and as shown is a part of it. The patent relates to the other end, and the device consists of a split or spring ring, the outer circumferential groove in the shaft, and the restraining shoulder upon the annular plate. The laminæ are placed upon the shaft, and pressed against the flange and past the groove in the shaft. Then the split ring is pushed into the groove, and the annular plate is allowed to come back with its shoulder over the split ring. The advantages of this arrangement are obvious. It can be taken apart readily, and the shoulder on the end plate prevents the split ring from being thrown out of place by centrifugal force.

Judge Lanning in his opinion in the Prudential Case, after discussing the prior art as shown in that case, said:

"I think the use of a split ring for holding the parts of a machine in position in the manner described in claims 1 and 3 of the patent in suit was at the date of issuing the patent an old and very well-known use. Whether such a ring be used for keeping in their proper positions materials mounted on a shaft for the construction of a cloth calendering roll or a paper calendering roll, or a core for an electrical machine, it has but the one function. In my judgment, therefore, claims 1 and 3 are invalid for want of patentable novelty.

"But claims 2 and 4 each contain an additional element, namely, the shoulder on the outer side of the annular plate. This shoulder extends over the

split ring, and its function is to keep the ring from being thrown out of its groove by the centrifugal force of the rapidly revolving core. Nothing like this device is disclosed in any prior patent to which reference has been made."

Judge Lanning further said:

"The evidence shows that a large armature sometimes revolves with a speed, at its surface, of one mile or more per minute. In such an armature the centrifugal force is so great that it is desirable to have the spring ring, where it is used, held firmly in the groove. Claims 1 and 3 omit any reference to a shoulder on the outer side of the annular plate, and they are fully satisfied by annular plates resting against the inner surface of the spring ring, without any shoulder on the annular plates for holding the spring ring in its groove."

The Circuit Court of Appeals in disposing of claims 1 and 3 quoted the last-mentioned paragraph from the opinion of Judge Lanning, and then said:

"But, as we have seen in discussing the patent, this restraining shoulder is of the very gist of the device. Discard it or its function in substantial form and we do not obtain the result which makes Nolan's device useful and patentable."

It is perfectly plain that Judge Lanning and the Circuit Court of Appeals held claims 2 and 4 valid on account of the restraining shoulder on the annular plate, and that they so found because, as said by Judge Lanning, "nothing like this device is disclosed in any prior patent to which reference has been made." The conclusion must be that if reference had been made in that case to any prior patent disclosing this restraining shoulder used in substantially the same way, for the same purpose and accomplishing the same result, claims 2 and 4 would have met the fate of claims 1 and 3.

In the case at bar reference is made to such a prior patent. The British patent, No. 2,184, granted to Rollings in 1893, discloses this very thing. The Rollings patent relates to an improved method of attaching a chain wheel to the axle of a bicycle, rendering the same easily detachable. True, in the Rollings patent the part which corresponds to the annular plate in the case at bar and upon which is the restraining shoulder is pushed against the split ring by screwing the part upon the shaft. But, when the parts are in position, there is shown the split ring in a circumferential groove held in place against centrifugal force by the restraining shoulder in the same way, both in operation and result, as in the patent in suit. It follows that claims 2 and 4 are also invalid.

In view of the prior art as disclosed in the record in this case, it is apparent that no amount of evidence, expert or otherwise, can save claims 2 and 4 from the defense of anticipation. They are invalid for lack of patentable novelty.

The decision of the Circuit Court should be reversed and the cause remanded, with direction to dismiss the bill, and it is so ordered.